## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD VIGUS, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) |
| Plaintiff, | ) No.: 08-786-WDS |
| v. | ) ) ) |
| SOUTHERN ILLINOIS RIVERBOAT/CASINO CRUISES, INC., d/b/a HARRAH'S METROPOLIS CASINO, | ) ) ) ) ) |
| Defendant. | ) ) |

### CLASS ACTION COMPLAINT

Plaintiff, RICHARD VIGUS (herein "Plaintiff"), brings this action on behalf of himself and all other persons similarly situated, through his attorneys, and except as to the allegations pertaining to Plaintiff or his attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against the Defendant, SOUTHERN ILLINOIS RIVERBOAT/CASINO CRUISES, INC. d/b/a HARRAH'S METROPOLIS CASINO, a foreign corporation (herein collectively "Defendant").

### PRELIMINARY STATEMENT

1. This case challenges Defendant's policy and practice of transmitting unsolicited pre-recorded telephone calls to residential telephone lines advertising its vacation services. This form of telemarketing invades the privacy rights of others and violates the law.

2. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, prohibits a person within the United States from using or having an agent use an autodialer or pre-recorded voice to deliver a message to residential telephone numbers. The TCPA was enacted to protect

privacy rights.  The TCPA provides a private right of action for violations and provides statutory damages of $500.00 per violation.

3. The TCPA is designed to rein in the proliferation of telemarketing calls.  Much of the detail was left to the FCC.  Congress's delegation was both explicit and implicit.  In § 227(c), Congress explicitly set forth the FCC's role by giving the FCC the power to "initiate rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object."

4. Because Congress did not define "established business relationship"("EBR") within the TCPA, either in its definitional section, U.S.C. § 227(a), or elsewhere, the FCC defined EBR in § 64.1200(f)(4), Title 47, C.F.R.:

> The term established business relationship means a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a residential subscriber with or without an exchange of consideration, on the basis of an inquiry, application, purchase or transaction by the residential subscriber regarding products or services offered by such person or entity, which relationship has not been previously terminated by either party.

5. Without an EBR, telemarketers like Defendant may not make an unrequested pre-recorded solicitation call [§ 64.1200(a)(2)].

6. Further, 47 U.S.C. § 227(b)(3) provides a private right of action to Plaintiff for Defendant's violation.  Said section provides:

> A person or entity may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation,

whichever is greater, or

(C) Both such actions.

If the Court finds that Defendant knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under sub-paragraph (B) of this paragraph.

7. Upon information and belief, Defendant developed a promotional scheme utilizing a pre-recorded message sent to telephone lines including residential telephone line subscribers like Plaintiff. The purpose of this scheme was to advertise Defendant's vacation services. Upon information and belief, the calls were placed by automated telephone dialing equipment used to both place the calls and deliver the pre-recorded message.

8. The calls utilizing a pre-recorded message were made for a commercial purpose.

9. On information and belief, Defendant knew or should have known that its marketing scheme was delivering pre-recorded messages promoting its vacation services, that Plaintiff had not provided his prior express permission or invitation, and that no established business relationship existed between Plaintiff and Defendant.

10. On information and belief, Defendant knew or should have known that the calls were being placed to residential telephone line subscribers like Plaintiff.

**JURISDICTION AND VENUE**

11. This Court has jurisdiction in that Defendant has transacted business in Illinois and maintains its offices in Metropolis, Illinois.

12. On information and belief, Defendant is an Illinois corporation with its principal

place of business in Metropolis, Illinois.

    13.    Plaintiff is a natural person who resides in Missouri.

    14.    Venue is proper in this Court because Defendant has its offices in Metropolis, Massac County, Illinois.

    15    Federal jurisdiction exists because a federal question or claim is being asserted. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331.

## CLASS CERTIFICATION

    16.    In accordance with Fed. R. Civ. P. 23, Plaintiff brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons in the United States who (1) were the subscribers of a residential telephone line, and (2) were called on that residential telephone line on or after October 30, 2004 by or on behalf of Defendant using a pre-recorded voice to deliver a message promoting Defendant's vacation services, and (3) did not provide Defendant with prior express consent to place the call, and (4) did not have an established business relationship with Defendant.

Excluded from the class are members of the judiciary, counsel for the Plaintiff, and the officers, directors, and employees of Defendant.

    17.    A class action is proper in that:

    (a)    On information and belief the class is so numerous that joinder of all members is impracticable. Plaintiff will be able to ascertain the number of class members through discovery.

    (b)    There are questions of fact or law common to the class that predominate over questions affecting only individual class members, those questions include but are

not limited to:

    (i)    Whether Defendant engaged in a pattern of sending pre-recorded voice messages to telephone numbers assigned to residential telephone service;

    (ii)    Whether the telephone calls by Defendant contained an artificial or pre-recorded voice message;

    (iii)    Whether the telephone calls by Defendant were made for a commercial purpose;

    (iv)    Whether the telephone calls by Defendant contained an unsolicited advertisement or a telephone solicitation.

    (v)    Whether Defendant sent the pre-recorded voice messages without obtaining the recipients' prior consent for the telephone call;

    (vi)    Whether Defendant violated the provisions of 47 U.S.C. § 227; and

    (vii)    Whether Plaintiff and the other class members are entitled to statutory damages.

(c)    Plaintiff's claims are typical of the claims of the other class members.

(d)    Plaintiff will fairly and adequately protect the interests of the other class members.  Plaintiff's counsel are experienced in handling class actions and claims brought under the Telephone Consumer Protection Act and they will fairly and adequately represent the class.  Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

(e)    The common questions predominate over individual questions.

(f) This class action is the superior method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

## **VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**

18. On or about July 6, 2007, Defendant, using an automatic telephone dialing system, called Plaintiff's residential telephone line and delivered a message containing a pre-recorded voice message.

19. Defendant knew or should have known that it delivered a prerecorded message to Plaintiff advertising the commercial availability of any property, goods, or services and that Defendant did not have the prior express consent of Plaintiff to make such telephone contact and that no established business relationship existed with Plaintiff because, *inter alia:*

(a) Defendant, and/or its employees and/or its agents designed the contents of the prerecorded message and/or had the capability to control the contents of the prerecorded message;

(b) Defendant, and/or its employees and/or its agents determined the telephone numbers to which prerecorded messages were delivered.

20. On information and belief, Defendant has initiated the same or substantially similar telephone calls to at least 39 other recipients. Defendant did not seek or obtain the prior express consent of, or an established business relationship with, the 39 other recipients.

21. Defendant's telephone solicitation to Plaintiff and other members of the class was for the purpose of advertising Defendant's vacation services to Plaintiff and the other members

of the class.

22.     Defendant's actions violated the right to privacy afforded Plaintiff and the other members of the class by the Defendant's sending of the prerecorded message complained of herein.

23.     Plaintiff and the other members of the class are entitled to recover the statutory liquidated damages that Congress has assigned and prescribed for the statutory privacy violations complained of herein.

24.     Defendant's actions, as alleged herein, are in violation of 47 U.S.C. § 227(b)(1)(B) which makes it "unlawful to initiate any telephone call to any residential telephone line using an artificial or pre-recorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the [Federal Communications Commission] ("FCC") under paragraph (2)(B)." The TCPA provides that the FCC may exempt from coverage (i) calls that are not made for commercial purposes and (ii) calls made for commercial purposes where the FCC determines that the call (I) will not adversely affect the privacy rights intended to be protected by the TCPA and (II) does not include the transmission of any unsolicited advertisement.  47 U.S.C. § 227(b)(2)(B).  Calls made for a commercial purpose which include or introduce an unsolicited advertisement or constitute a telephone solicitation are expressly excluded from the exemptions adopted by the FCC. 47 CFR 64.1200(S)(2)(iii);

25.     Plaintiff seeks an award of statutory damages for each violation of the TCPA.

26.     Defendant set up to deliver, without live operator assistance, a pre-recorded voice message to the residential telephone lines of Plaintiff and the Class.

27.     Plaintiff seeks the statutory liquidated damages of $500.00 for each TCPA violation on behalf of himself and the class.

WHEREFORE, Plaintiff, RICHARD VIGUS, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant, SOUTHERN ILLINOIS RIVERBOAT/CASINO CRUISES, INC. d/b/a HARRAH'S METROPOLIS CASINO as follows:

(A)     That the Court award $500.00 for each violation pursuant to Count I; and

(B)     That the Court treble the award to $1,500.00 for each violation if the Court finds the violations to be willful or knowing; and

(C)     That the Court award costs and such further relief as the court may deem just and proper.

Date: November 6, 2008                         Respectfully submitted,

                                                          RICHARD VIGUS, individually and as the representative of a class of similarly-situated persons

                                                          By:  s/: Paul A. Marks
                                                                One of Plaintiff's Attorneys

| | |
|---|---|
| Max G. Margulis<br>**MARGULIS LAW GROUP**<br>14236 Cedar Springs Drive<br>Chesterfield, MO 63017<br>Telephone:  (314) 434-8502<br>Fax:  (314) 434-8451 | Bradley M. Lakin #6243318<br>Robert W. Schmieder II #6239631<br>Paul A. Marks #6271319<br>**THE LAKIN LAW FIRM, P.C.**<br>300 Evans Avenue<br>P. O. Box 229<br>Wood River, IL 62095-0229<br>Telephone:  (618) 254-1127<br>Fax:  (618) 254-0193 |
| Brian J. Wanca<br>**ANDERSON + WANCA**<br>3701 Algonquin Road, Suite 760<br>Rolling Meadows, IL 60008<br>Telephone:  (847) 368-1500<br>Fax:  (847) 368-1501 | Phillip A. Bock<br>**BOCK& HATCH, LLC**<br>134 North La Salle Street, Suite 1000<br>Chicago, IL 60602<br>Telephone:  (312) 658-5500<br>Fax:  (312) 658-5555 |