# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD VIGUS, individually and as the representative of a class of similarly-situated persons,<br>                        Plaintiff,<br><br>       v.<br><br>SOUTHERN ILLINOIS RIVERBOAT/CASINO CRUISES, INC. d/b/a HARRAH'S METROPOLIS CASINO,<br>                        Defendant. | )<br>)<br>)<br>)<br>)  Cause No. 08-cv-786-JPG<br>)<br>)  Judge J. Phil Gilbert<br>)<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on a variety of motions. In the First Amended Complaint in this case, plaintiff Richard Vigus alleges a class action against the defendant for transmitting unsolicited pre-recorded telephone calls to residential telephone lines to advertise its vacation services. Vigus believes this action violates the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(B).

Recently, Vigus asked the Court to certify a class of individuals who had received such calls from the defendant on a residential *or cellular telephone* (Doc. 70). He then asked the Court for leave to amend his complaint (Doc. 74) to allege improper cellular telephone calls and to cite an additional provision of the TCPA he believes was violated, 47 U.S.C. § 227(b)(1)(A)(iii).

In the meantime, defendant Southern Illinois Riverboat/Casino Cruises, Inc. d/b/a Harrah's Metropolis Casino ("Casino") responded to the motion for class certification, attaching affidavits of three customers who would be in the class if certified. They were submitted to demonstrate that the broad class definition Vigus proposes would require individualized inquiry

into each potential class member's particular phone situation.  A November 23, 2009, protective order prohibited the plaintiff's counsel from contacting those three witnesses.  The plaintiff has asked for an additional protective order to prohibit such *ex parte* communication by the defendant in the future (Doc. 76).  They also ask the Court for leave to conduct additional discovery regarding the Casino's contact with the three affiants (Doc. 76).  The Court has referred these matters to Magistrate Judge Frazier, who entered the existing protective order.

Additionally, Vigus asks the Court to strike the three affidavits or, in the alternative, for leave to depose the affiants before a reply brief deadline (Doc. 77).  The Court will not strike the three affidavits;  they were not obtained in violation of any rule or order of the Court.  The Court will further not delay briefing on the motion for class certification so that the plaintiffs can depose the three affiants.  The Court can see no information relevant to the class certification question that could be gleaned from depositions at this point.  The Court will leave to Magistrate Judge Frazier the question of whether depositions of the affiants can be taken at all.

For the foregoing reasons, the Court:

- **RESERVES RULING** on the motion for class certification (Doc. 70) and motion for leave to file a second amended complaint (Doc. 74);

- **REFERS** the motion for a protective order and for additional discovery (Doc. 76) to Magistrate Judge Frazier; and

- **DENIES in part** the motion to strike defendant's affidavits, for leave to depose affiants and for leave to file a late reply memorandum (Doc. 77).  The motion is **DENIED** to the extent it requests the Court strike the affidavits and extend the reply deadline.  The request for leave to depose the affiants is **REFERRED** to Magistrate Judge Frazier.

**IT IS SO ORDERED.**

s/ J. Phil Gilbert
**The Honorable J. Phil Gilbert**

**Dated:  September 30, 2010**